NATALIE A. BRINDLE *vs.* ROBERT BRINDLE, JR.

MAY 26, 1950.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

BAKER, J. This is a divorce proceeding in which a decision was rendered in the superior court granting petitioner a divorce from bed, board and future cohabitation until the parties became reconciled. A decree was entered embodying that decision and also ordering respondent to pay her a weekly allowance. Thereafter respondent filed in this cause a petition that the decree be amended or annulled. After a hearing the superior court refused to annul such

decree but reduced the amount of the weekly allowance theretofore awarded to petitioner. From the entry of decrees in accordance with that decision the respondent duly appealed to this court.

It appears that the divorce petition, alleging that respondent was guilty of extreme cruelty and gross misbehavior, was filed July 24, 1947 in the superior court. On April 7, 1948 respondent filed a motion in the nature of a cross petition setting out that the parties had lived separate and apart for at least ten years prior to the date last mentioned. Depositions of petitioner and two witnesses were taken on April 23, 1948 before a standing master in chancery. The citation giving notice of such taking was not served on respondent personally but on that date service thereof was duly accepted by his then attorney of record. At the taking of the depositions there was no appearance for the respondent, the witnesses were not cross-examined and only testimony bearing upon the charge of extreme cruelty was introduced. By stipulation of counsel for the parties on May 10, 1948 respondent's motion in the nature of a cross petition was discontinued and the original petition was assigned for hearing on the following day, at which time such petition was heard and granted by the superior court and a decree assented to by both counsel was entered forthwith. Thereafter on December 16, 1948 respondent's original attorney withdrew his appearance, and on January 3, 1949 his present attorney entered his appearance and filed the above-mentioned petition to amend or annul the decree entered May 11, 1948. The correctness of the superior court's decision in respect to such petition is raised by respondent's appeal now before us.

The petitioner is not prosecuting any appeal herein but she has argued that in the circumstances the justice of the superior court should not, over her objection, have entertained the petition to annul because it was incorrectly filed in the present divorce cause and should have been started as a separate, independent proceeding. Respondent

on the other hand maintains that the procedure taken by him was proper but that the justice was in error, under both the law and the evidence, in denying the petition to annul; and also that in passing upon the amount of the weekly sum which the respondent should pay for petitioner's maintenance the reduction thereof as determined by said justice was insufficient considering respondent's circumstances, and that the weekly allowance to petitioner should have been entirely suspended. Although the procedural point above referred to was argued at some length, for the purpose of the instant cause we shall assume without deciding that the superior court in the circumstances could properly entertain and determine respondent's petition to annul the decree of May 11, 1948.

The term "annul" as used in such petition is somewhat unusual. The word means to nullify, to abolish and to make void or of no effect. We therefore construe the petition in that respect as being substantially equivalent to a petition to vacate the decree. As reasons why the petition should be granted respondent set out therein that he was unaware of the contents of the depositions, by virtue of which petitioner received a decision granting her the divorce from bed, board and future cohabitation, until over six months after the decree in question was entered; that the testimony in such depositions was insufficient to warrant the decision and decree; and that many matters stated in the depositions as facts were not true. These allegations were apparently treated by the parties and by the superior court as amounting in effect to a charge of fraud.

The justice of the superior court heard the parties fully on respondent's petition and, after reviewing the entire cause in a rescript, concluded that he was unable to find that the divorce was obtained by fraud. He therefore denied the portion of respondent's petition asking annulment of the decree of May 11, 1948 on that ground. Although argued, the question as to whether the alleged

fraud related to an issue within the cause or was collateral thereto does not arise since the justice found no fraud.

In support of respondent's contention that the superior court in making its original decision granting the divorce petition was imposed upon and that the decision of the justice on the present petition was erroneous, respondent points out alleged inconsistencies in the testimony given in the depositions and that given in open court at the hearing on his petition and also in certain new evidence which conflicts with testimony already in the cause. We have considered all such evidence and we cannot say that the decision of the justice refusing to annul the decree of May 11, 1948 for alleged fraud was clearly wrong. That decision therefore will not be disturbed by us on the ground that it was against the evidence.

However, respondent also urges that his petition to annul the decree referred to should have been granted because the original decision awarding petitioner a divorce from bed, board and future cohabitation was a nullity by reason of the fact that allegedly the depositions taken on her behalf and upon which the said divorce rested were not taken in compliance with statutory requirements. It appears that this question is being raised here for the first time. It is our judgment that this is improper.

It should be noted that respondent was represented by counsel during the entire divorce proceeding; that the latter had accepted service of notice to take the depositions; and that no direct attack has been made on the conduct of such counsel or his handling of the case. It is well settled that in the absence of special circumstances, and none appears here, a client is bound by the acts of his attorney of record. If petitioner's depositions were improperly taken they could have been suppressed on motion when offered in the divorce action, or a ruling on the issue could have been obtained and if unfavorable an exception noted. However, no objection to their use was made at that time, although respondent's counsel was present, and no excep-

tion was taken by respondent to the depositions or to the decision of the trial justice granting the divorce petition. In the circumstances it is now too late for respondent to raise such question for the first time. He takes nothing by his above contention.

In respect to the part of respondent's petition asking for a modification of the original order requiring him to pay petitioner $125 a week for her support and maintenance, the justice after a hearing reduced the weekly allowance to $75. We have examined the conflicting and somewhat confusing evidence submitted on that issue. It related to respondent's manner of living after the original petition for divorce from bed, board and future cohabitation had been granted to petitioner, to the entertainment of his friends in his apartment, to his purchase of several automobiles, and to his use and operation of a yacht. It was respondent's contention in respect to these matters that he was receiving financial aid from his sister, that the automobiles were for others, and that certain corporations with which he was connected as an officer were not operating or were doing so at a loss. The justice who had the benefit of seeing and hearing the witnesses testify found in substance that respondent had suffered some reverses in his business, but decided that he should pay the petitioner a reasonable allowance in the circumstances and fixed the amount thereof as above indicated. The evidence clearly was open to different reasonable inferences, and as we cannot say that his finding in this regard was clearly wrong we shall not disturb it.

The respondent's appeal is denied and dismissed, the decrees appealed from are affirmed, and the cause is remanded to the superior court for further proceedings.

*Francis J. O'Brien,* for petitioner.
*Aram A. Arabian,* for respondent.